**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 13 Case |
| SHERRY D'AGOSTINO, | ) | Case No.:  22 B 08993 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| | ) | |
| | ) | **Hearing Date: September 20, 2022** |
| | ) | **Hearing Time: 9:30 a.m.** |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on **September 20, 2022 at 9:30 a.m.** or as soon thereafter as counsel may be heard, the undersigned shall appear before the Hon. Carol A. Doyle, or any Judge sitting in her place and present the attached **MOTION FOR ANNULMENT OR, ALTERNATIVELY, RELIEF FROM THE AUTOMATIC STAY**, a copy of which is hereby served upon you.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is **161 155 8289** and password is **Doyle742**.  The meeting ID can also be found on the Judge's page on the Court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the Court may grant the motion in advance without a hearing.

|  |  |
|---|---|
|  | BAYPOINT CAPITAL PARTNERS, LP |
| Sandra A. Franco-Aguilera (#6286182) |  |
| Manetti Aguilera Seiler LLC | By:   /s/ Sandra A. Franco-Aguilera |
| 2213 Lakeside Drive |             One of its attorneys |
| Bannockburn, Illinois 60015 |  |
| Phone: (224) 706-6932 |  |
| saguilera@maslawllc.com |  |

# CERTIFICATE OF SERVICE

      I, Sandra A. Franco-Aguilera, an attorney, certify that I caused a copy of this Notice and Motion to be served on the parties that are listed on the attached Service List by regular mail, postage prepaid, and through the Court's ECF system on September 13, 2022.

                                /s/   Sandra A. Franco-Aguilera

**SERVICE LIST**

*Via U.S. Mail*

**Debtor**

Sherry D'Agostino
456 Blue Heron Circle
Bartlett, IL 60103

*Via ECF*

**Counsel for the Debtor**
Joseph S. Davidson
Ottosen, DiNolfo Hasenbalg & Castaldo, Ltd.
1804 North Naper Boulevard, Suite 350
Naperville, IL 60563
jdavidson@ottosenlaw.com

**Office of the U.S. Trustee**
Patrick S. Layng, Esq.
Office of the U.S. Trustee
Region 11
219 S. Dearborn, Rm. 873
Chicago, IL  60604
Ustprregion11.es.ecf@usdoj.com

**Chapter 13 Trustee**
Thomas H. Hooper
Office of the Chapter 13 Trustee
55 E. Monroe St.
Suite 3850
Chicago, IL 60603
lmccray@chicagoch13.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 13 Case |
| | ) | |
| SHERRY D'AGOSTINO, | ) | Case No.: 22 B 08993 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| | ) | |
| | ) | **Hearing Date: September 20, 2022** |
| | ) | **Hearing Time: 9:30 a.m.** |

## MOTION FOR ANNULMENT OR, ALTERNATIVELY, RELIEF FROM THE AUTOMATIC STAY

BAY POINT CAPITAL PARTNERS, LP ("Bay Point"), by and through its undersigned attorneys, requests that this Court enter an order annulling the automatic stay or, alternatively, requesting relief from the automatic stay (the "Motion"). In support of the Motion, Bay Point states respectfully as follows:

### I.    Jurisdiction and Venue

This Court has jurisdiction to determine this matter pursuant to 28 U.S.C. §§ 157(b)(1), 157(b)(2)(G) and 1334. The statutory basis for the relief requested herein is 11 U.S.C. § 362(d) and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure.

### II.    Introduction

Although this is the first Chapter 13 Case filed by Sherry D'Agostino (the "Debtor"). This is not the first attempt to delay the underlying foreclosure proceeding that is pending in the Circuit Court of Cook County as Case No. 2020 CH 05691 (the "Foreclosure Case") filed by Bay Point against MPSDRE, LLC (the "Mortgagor/Borrower"), the Debtor, as guarantor and Michael Pellegrino ("M.Pellegrino"), as guarantor. The Foreclosure Case seeks the foreclosure

3

of property located at 456 Blue Heron Circle, Bartlett, IL ("Property") which is owned by Mortgagor/Borrower and breach of contract against Debtor and M.Pellegrino as to their respective guaranties. M.Pellegrino filed two previous Chapter 7 proceedings, the 2019 case was dismissed without a discharge on March 5, 2021 (Case No. 19-17368), and the 2021 case was dismissed without a discharged on July 22, 2021 (Case No. 21-05926).

On August 10, 2022 (a day after the Debtor's bankruptcy case was filed), oral arguments on Bay Point's judgment motions in the Foreclosure Case were held, with Bay Point's counsel and Mortgagor/Borrower, Debtor and M. Pellegrino's counsel present. Neither Bay Point's counsel nor Mortgagor/Borrower, Debtor and M.Pellegrino's counsel were aware of Debtor's bankruptcy filing the previous day. Bay Point did not receive actual notice of the bankruptcy filing until August 15, 2022.

Although the Property is not part of the bankruptcy estate pursuant to 11 USC §541, the Debtor occupies the Property and Bay Point cannot proceed with the Foreclosure Case without an annulment and/or modification of the automatic stay. Accordingly, Bay Point requests that the automatic stay be annulled retroactively to August 9, 2022, the Petition Date. Alternatively, Bay Point requests that any stay in existence be modified immediately.

### III.    Background Facts

On August 9, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Chapter 13 Case"). Thomas Hooper has been appointed the Chapter 13 Trustee (the "Trustee").

On the Petition Date, Bay Point did not receive notice of the filing of the Chapter 13 Case. It is also clear that Debtor's counsel was also not aware of the filing of the Chapter 13

4

Case as Debtor's counsel proceeded with oral arguments on August 10, 2022 in the Foreclosure Case without any mention of the Debtor's bankruptcy filing.

Bay Point has a security interest in the Property pursuant to mortgage dated April 2, 2018, executed and granted by Mortgagor/Borrower, in favor of Bay Point and recorded in the Office of the Cook County Recorder of Deeds on May 4, 2018, as Document No. 1812428001, as a first lien against the Property ("<u>Mortgage</u>"). The Mortgage secures the repayment of a Note dated April 2, 2018 in the amount of $180,000.00 executed by Mortgagor/Borrower (the "<u>Note</u>") and is governed further by the terms of a Loan Agreement executed by Mortgagor/Borrower ("<u>Loan Agreement</u>"). Debtor and M.Pellegrino are guarantors of the Note whereby they each guaranteed full and prompt payment under the Note. The Mortgage, Note, Loan Agreement, and guaranties shall hereinafter be referred to collectively as the "<u>Loan Documents</u>". Copies of the Loan Documents are attached hereto as **Group Exhibit A.**

As Debtor occupies the Property, Bay Point is now requesting that the stay be annulled retroactively to the Petition Date given that the Property is not part of the bankruptcy estate pursuant to 11 USC §541 and that Bay Point and Debtor's counsel in the Foreclosure Case had no notice of the filing of the Chapter 13 Case. Alternatively, Bay Point requests that the stay be modified immediately in order to allow Bay Point to proceed with its foreclosure sale.

### IV.    Relief Requested

Bay Point is requesting that the stay be annulled pursuant to 11 U.S.C. § 362(d) or, alternatively, modified immediately pursuant to 11 U.S.C. § 362(d).

A.    ***Procedural Background in State Court***

On September 30, 2020, Bay Point filed its Complaint for Mortgage Foreclosure, initiating the Foreclosure Case and on May 6, 2021 filed its Amended Complaint for Mortgage

5

Foreclosure (the "Complaint").  A copy of the Complaint (without exhibits) is attached hereto and incorporated herein as **Exhibit B**.  Following the filing of the Complaint, Bay Point filed an Amended Motion for Summary Judgment and Judgment of Foreclosure and Sale on June 22, 2022.  After briefing and oral arguments, the State Court entered the Order of Summary Judgment and Judgment of Foreclosure and Sale on August 10, 2022, without the knowledge of the filing of the Chapter 13 Case. Copies of the Order of Summary Judgment (the "Order") and Judgment of Foreclosure and Sale ("JOFS") are attached hereto and incorporated herein as **Group Exhibit C**.

Although the automatic stay should not prevent the entry of Judgment of Foreclosure and Sale against Mortgagor/Borrower and M.Pellegrino, the automatic stay was put into effect as to the Debtor, who is currently in possession of the Property.   Bay Point would like the Bankruptcy Court to annul the automatic stay or, alternatively, modify the automatic stay so that Bay Point can proceed with the Foreclosure Case and schedule a judicial sale of the Property.  Bay Point is not looking to enforce the guaranty against Debtor while this bankruptcy proceeding is pending.

    B.        *__Annulment of the Automatic Stay__*

A bankruptcy court "has wide latitude to grant relief from the automatic stay including the ability to retroactively annul the stay."  In re Syed, 238 B.R. 133,144 (Bankr. N.D.Ill. 1999). An annulment order is a unique form of relief because, if entered, it gives the court's approval to postpetition actions that violated the automatic stay.  In re Szyszko, 234 B.R. 408, 412 (Bankr. N.D.Ill 1999).  Since annulment works in a retroactive manner, it should only be granted if the creditor "did not have knowledge of the applicability of the automatic stay" and

6

"in accordance with equitable principles." Id.  A court should grant annulment when application of the automatic stay "would unfairly prejudice the creditor." Id.

In this case, not only did Bay Point and Bay Point's counsel not have notice of the Debtor's bankruptcy filing, Debtor's counsel in the foreclosure case also did not have notice as oral arguments proceeded on August 10, 2022 in the Foreclosure Case without any mention of Debtor's bankruptcy filing the day prior.

Further, the Property is not part of the bankruptcy estate as the Property is owned by the Mortgagor/Borrower who is a limited liability company. Illinois law is clear that the assets of a limited liability company do not become property of a member's bankruptcy estate. Gierum v. Glick (In re Glic), 568 B.R. 634, 668 (Bank.N.D.Il.2017) citing Fowler v. Shadel, 400 F.3d 1016, 1019 (7th Cir. 2005).

Bay Point has a security interest in the Property by way of a written mortgage executed by the Mortgagor/Borrower and, as a result of the Mortgagor/Borrower's default in failing to make the February 28, 2019 and subsequent installment payments as well as failure to pay upon maturity of the Note on May 31, 2020, Bay Point Bank is entitled to foreclose on the Property and proceed with a foreclosure sale.

Lastly, as proposed in Debtor's Chapter13 Plan [Docket No. 2], Bay Point has serious doubts that Debtor can make the $6,351.68 monthly payment to the Trustee for payments owed to Bay Point. See Docket No. 2, page 3.[1]  More concerning is that pursuant to Debtor's Petition [Docket No. 1], the monthly payments to the Trustee would be primarily funded by M.Pellegrino. See Docket No.1, page 35.  However, to date, only two payments have ever been made to Bay Point under the Note. In addition, current insurance on the Property has not been

---

[1] Although Bay Point references Debtor's Chapter 13 Plan, Bay Point does not concede that the terms set forth in Debtor's Chapter 13 Plan is correct. In fact, Bay Point disputes the total amount due and the terms stated by Debtor as the terms do not reflect the actual terms in the Loan Documents.

7

provided and the property taxes were not being paid and on June 30, 2020, Bay Point redeemed the property taxes in the amount of $25,618.00. Accordingly, the total balance owed to Bay Point as of the Petition Date is approximately $360,566.33 and continues to accrue. A copy of the Payoff Statement is attached hereto and incorporated herein as <u>Exhibit D</u>. Bay Point has serious concerns that this Chapter 13 case was not filed in good faith but simply to cause further delay and hinder the efforts of Bay Point. Nothing in the record indicates that the Debtor has the financial capability to conclude a plan for repayment that will be fully performed in this case. Thus, based on the foregoing, the automatic stay should be annulled, retroactively to the Petition Date so Bay Point may proceed with foreclosure on the Property.

C. *Relief from the Automatic Stay*

For the reasons set forth above, Bay Point requests, alternatively, that the stay be modified immediately under 11 U.S.C. § 362(d) so that the Bank can take any and all action it deems necessary to enforce its rights in and to the property located at 456 Blue Heron Circle, Bartlett, Illinois, including, but not limited to, moving forward with a foreclosure sale of the Property.

Section 362(d) of the Bankruptcy Code establishes the grounds under which relief from the automatic stay may be granted. *In re Pelham Enter., Inc.,* 376 B.R. 684, 689 (Bankr. N.D. Ill. 2007). Section 362(d) of the Bankruptcy Code allows the bankruptcy court to grant relief from the automatic stay by annulling, terminating or modifying the automatic stay. 11 U.S.C. § 362(d); *see also In re Pelham Enter., Inc.*, 376 B.R. 684, 689 (Bankr. N.D. Ill. 2007). The first ground for relief from the stay is for cause, including the lack of adequate protection. 11 U.S.C. § 362(d)(1). "Cause" for relief under section 362(d)(1) of the Bankruptcy Code has

8

not been clearly defined and is determined on a case-by-case basis. *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991).

The second ground for relief under 11 U.S.C. § 362(d)(2) is that the Debtors do not have equity in the property and the property is unnecessary to an effective reorganization. 11 U.S.C. § 362(d)(2). The party requesting relief had the burden of proving that the Debtors do not have equity in the property. *See* 11 U.S.C. § 362(g)(1); *see also Pelham*, 376 B.R. at 689. The party opposing relief from the stay has the burden of proof on all other issues. *See* 11 U.S.C. § 362(g)(2); *see also Pelham*, 376 B.R. at 689).

Bay Point requests that the Bankruptcy Court enter an order terminating or modifying the automatic stay immediately in order to allow Bay Point to proceed under applicable non-bankruptcy law to enforce its rights and remedies with respect to the Property.

Bay Point is entitled to relief from the automatic stay for the following reasons:

(i) Under § 362(d)(1), cause exists for relief from the automatic stay due to "the lack of adequate protection of an interest in property of" the Bank. 11 U.S.C. § 362(d)(1). Adequate protection may be provided by (1) making periodic cash payments to the Bank; (2) granting an additional or replacement lien; or (3) granting the indubitable equivalent of the interest in the property to recompense for losses incurred to the value of the property. 11 U.S.C. § 361(1)-(3).

(ii) Under § 362(d)(2), the Debtor does not have equity in the Property at issue, and the Property is not necessary to an effective reorganization. 11 U.S.C. § 362(d).

In this case, relief from the automatic stay is proper under sections 362(d)(1)-(2) of the Bankruptcy Code. First, cause exists for relief from the stay as Bay Point should be permitted to protect its interests in the Property. As set forth above, Bay Point has a security interest in the Property and due to the Mortgagor/Borrower's default under the Note, Bay Point is entitled to foreclose on the Property and proceed with a foreclosure sale. Bay Point has serious

9

doubts about Debtor's ability to make payments to the Trustee as the funds will be primarily funded by M.Pellegrino as stated in Debtor's petition. Debtor and M.Pellegrino have consistently failed to make required payments to Bay Point and nothing on the record or in Debtor's plan shows that the filing of this bankruptcy case will change that. As of the Petition Date, Bay Point is owed the approximate amount of $360,566.33 and that amount continues to accrue. See Payoff Statement attached hereto and incorporated herein as <u>Exhibit D</u>. Further, the Property is not part of the Debtor's bankruptcy estate and therefore not necessary for an effective reorganization.

At this point, the Debtor is utilizing the bankruptcy process solely to enable her to enjoy the benefits of living in the Property without paying Bay Point. She is also utilizing the bankruptcy process to forestall Bay Point's possession of the Property through a foreclosure sale. Moreover, the debt to Bay Point ($360,566.33) outweighs the Debtor's stated equity in the Property, which she valued at $486,200.00 in the Bankruptcy Schedules filed with the Bankruptcy Court on the Petition Date. [Docket No. #1, page 10, Schedule A].

In light of the foregoing, Bay Point is requesting, alternatively, that the Bankruptcy Court modify the automatic stay immediately in order to allow Bay Point to proceed with its rights and remedies as to the Property to protect its collateral. Bay Point is also requesting that the stay of proceedings imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived.

### V. <u>Notice</u>

Notice of this Motion has been given to the Debtor, Debtor's counsel, the Office of the United States Trustee and the Chapter 13 Trustee.

WHEREFORE, Bay Point Capital Partners, LP, requests that this Bankruptcy Court enter an order (i) annulling the automatic stay or, alternatively, (ii) modifying the automatic stay under Section 362(d) of the Bankruptcy Code so that Bay Point can enforce all its rights as a secured creditor including, but not limited to, moving forward with a foreclosure sale of the Property; (iii) finding the automatic stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived and the modification of the stay is effective immediately; and (iv) granting Bay Point such other and further relief as my be appropriate under the circumstances.

Respectfully submitted,
**BAY POINT CAPITAL PARTNERS, LP**

Sandra A. Franco-Aguilera (#6286182)
Manetti Aguilera Seiler LLC         By:   /s/ Sandra A. Franco-Aguilera
2213 Lakeside Drive                            One of its attorneys
Bannockburn, Illinois 60015
Phone: (224) 706-6932
saguilera@maslawllc.com