# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | No. 22 B 08993 |
| | ) | |
| SHERRY D'AGOSTINO, | ) | |
| | ) | Hon. Carol A. Doyle |
| Debtor. | ) | Chapter 13 |
| | ) | |
| | ) | **Hearing Date: 10/04/22** |
| | ) | **at 9:30 a.m.** |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on October 4, 2022 at 9:30 a.m. or as soon thereafter as counsel may be heard, the undersigned shall appear before the Hon. Carol A. Doyle, or any Judge sitting in her place and present the attached **MOTION FOR RELIEF FROM THE AUTOMATIC STAY,** a copy of which is hereby served upon you.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828- 7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is **161 155 8289** and password is **Doyle742**. The meeting ID can also be found on the Judge's page on the Court's website.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the Court may grant the motion in advance without a hearing.

Respectfully Submitted,

RELENTLESS ENTERTAINMENT, LLC, MICHAEL D. HAND, AND WONDERFISH MEDIA

By:     */s/ Keith E. Allen*
       One of Their Attorneys

Keith E. Allen (#6271854)
Evans & Dixon LLC
303 W. Madison, Suite 1900
Chicago, Illinois 60606
312-924-7279
kallen@evans-dixon.com

**CERTIFICATE OF SERVICE**

  I, Keith E. Allen, an attorney who is licensed to practice law in the State of Illinois, certify that on the 19th day of May, 2021, I certify that I caused a copy of this Notice and Motion to be served on the parties that are listed on the parties listed below by regular mail, postage prepaid, and through the Court's ECF system on September 27, 2022.

               */s/ Keith E. Allen*

**Registrants served through the Court's Electronic Notice to Registrants:**

| Counsel for the Debtor<br>Joseph S. Davidson<br>Ottosen, DiNolfo Hasenbalg & Castaldo, Ltd.<br>1804 North Naper Boulevard, Suite 350 Naperville, IL 60563<br>jdavidson@ottosenlaw.com | Office of the U.S. Trustee<br>Patrick S. Layng, Esq.<br>Office of the U.S. Trustee<br>Region 11 219 S. Dearborn, Rm. 873 Chicago, IL 60604<br>Ustprregion11.es.ecf@usdoj.com | Chapter 13 Trustee<br>Thomas H. Hooper<br>Office of the Chapter 13 Trustee<br>55 E. Monroe St. Suite 3850<br>Chicago, IL 60603<br>lmccray@chicagoch13.com |
|---|---|---|
| Counsel for Bay Point Capital Partners<br>Sandra A. Franco-Aguilera<br>Manetti Aguilera Seiler LLC<br>2213 Lakeside Drive<br>Bannockburn, Illinois 60015<br>saguilera@maslawllc.com | | |

**Parties served through regular mail:**

Sherry D'Agostino
456 Blue Heron Circle
Bartlett, IL 60103

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | No. 22 B 08993 |
| | ) | |
| SHERRY D'AGOSTINO, | ) | |
| | ) | Hon. Carol A. Doyle |
| Debtor. | ) | Chapter 13 |
| | ) | Hearing Date: 10/04/22 |
| | ) | at 9:30 a.m. |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Relentless Entertainment, LLC, Michael D. Hand, and Wonderfish Media, LLC (collectively, "Movants"), by and through their undersigned attorney, respectfully request this Court enter an order providing them relief from the automatic stay. In support of their Motion, Movants state as follows:

### I. INTRODUCTION

Debtor's bankruptcy petition is the latest attempt to stall Movants' attempts to recover three million dollars wrongfully misappropriated from Relentless Entertainment, LLC's corporate accounts. In California, Movants filed suit against the Debtor and others for fraud, breach of contract and other related claims (the "California Case"). In Illinois, Movants filed a Uniform Fraudulent Transfer Act suit against MSPRDE, LLC, the owner of 456 Blue Heron Circle, Bartlett, Illinois (the "Property") and parties other than the Debtor (the "Illinois Case"). Michael Pellegrino, the Debtor's husband, filed three separate bankruptcies to delay both cases (Case Nos. 18-08362, 19-17368, and 21-05926.) Various Judges in the Northern District of Illinois dismissed all of those cases without a discharge because, *inter alia,* Mr. Pellegrino refused to provide requested information. In the last case, 21-05926, Mr. Pellegrino promised the U.S. Trustee's office that he would not refile for at least a year.

Even though the Debtor is not a defendant in the Illinois Case, the Debtor recently filed a notice demanding that the Illinois Case be stayed due to her bankruptcy petition. While movants disagree that the Illinois Case is stayed because the Property is not part of the bankruptcy estate, they filed this motion out of an abundance of caution. Movants respectfully request this Court modify the automatic stay to allow them to proceed under applicable non-bankruptcy law to enforce their rights and remedies with respect to the Property.

## II.  JURISDICTION

This Court has jurisdiction to determine this matter pursuant to 28 U.S.C. §§ 157(b)(1), 157(b)(2)(G) and 1334. The statutory basis for the relief requested herein is 11 U.S.C. § 362(d) and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure.

## III.  BACKGROUND FACTS

In September and October 2015, Michael Hand invested $3,000,000 into Relentless Entertainment, LLC, based upon Michael Pellegrino's false representations that the funds were going to be used to collaborate with the creator of Power Rangers to create, market and sell new media content. Instead of using the funds for their intended purpose or returning them by the contractual due date, Pellegrino, the Debtor, and others converted the funds to their own personal use and, *inter alia,* purchased the Property and other real estate in Illinois.

Specifically, on September 29, 2016, Mr. Pellegrino caused $337,000.00 to be wired to Alliance Title Corporation to purchase the Property for himself and the Debtor. (Exs. A, B & C.) On February 23, 2017, Mr. Pellegrino and the Debtor Quitclaimed all of their interest in the Property to MPSDRE, LLC. (Ex. D.) Upon information and belief, neither the Debtor nor Mr. Pellegrino ever reclaimed any interest in the Property and MPSDRE is the Property's sole owner.

In July 2017, Relentless filed the California Case against Michael Pellegrino, the Debtor, and other conspirators for various for fraud, breach of contract, and various other related causes of action. The most recent operative complaint (without exhibits) is attached as Exhibit E. In December 2018, Relentless filed the Illinois Case against MPSDRE and entities other than Debtor for violations of the Illinois Uniform Fraudulent Transfer Act. The most recent operative complaint (without exhibits) in the Illinois Case is attached as Exhibit F. Both of these cases were significantly delayed by Mr. Pellegrino's multiple bankruptcy petitions.

On August 9, 2022, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Thomas Hooper has been appointed the Chapter 13 Trustee. The Debtor did not list the Illinois Case or the California Case in her schedules despite being aware of them. In the Illinois Case, the trial Court twice ordered her to appear for testimony at a motion to disqualify hearing. In the California Case, the Debtor recently filed a motion to vacate a default judgment against her. No excuse exists for her failing to identify these matters on the schedules and provide notice.

On September 12, 2022, the Debtor filed a Notice of Automatic Bankruptcy Stay in the Illinois Case demanding that the Circuit Court of Cook County stay its action. (Ex. G.) The Debtor, however, is not a party to the Illinois Case. Out of an abundance of caution, the Movants request that the stay be modified in order to allow them to proceed with the Illinois Case.

IV. **ARGUMENT**

    *a. Standard*

Section 362(d) of the Bankruptcy Code allows the bankruptcy court to grant relief from the automatic stay by annulling, terminating or modifying the automatic stay. 11 U.S.C. § 362(d); *see also In re Pelham Enter., Inc.*, 376 B.R. 684, 689 (Bankr. N.D. Ill. 2007). The first ground

for relief from the stay is for cause, including the lack of adequate protection. 11 U.S.C. § 362(d)(1). "Cause" for relief under section 362(d)(1) of the Bankruptcy Code has not been clearly defined and is determined on a case-by-case basis. *In re Fernstrom Storage & Van Co.,* 938 F.2d 731, 735 (7th Cir. 1991). The second ground for relief under 11 U.S.C. § 362(d)(2) is that the Debtors do not have equity in the property and the property is unnecessary to an effective reorganization. 11 U.S.C. § 362(d)(2). The party requesting relief had the burden of proving that the Debtors do not have equity in the property. See 11 U.S.C. § 362(g); *see also Pelham*, 376 B.R. at 689. The party opposing relief from the stay has the burden of proof on all other issues. *Id.*

### b. ***The Automatic Stay does not Apply to the Illinois Case Because the Debtor is not a Litigant, and the Property is not Part of the Bankruptcy Estate***

MPSDRE owns the Property, not the Debtor. Consequently, the Property is not part of the Debtor's bankruptcy estate. The mere fact that the Debtor is a MPSDRE member does not mean that the Property now belongs to her. *Gierum v. Glick (In re Glick)*, 568 B.R. 634, 668 (Bank. N.D. Ill. 2017) ("Under Illinois law, a debtor who is a member of an Illinois LLC has no interest in the assets of the LLC"); *Fowler v. Shadel,* 400 F.3d 1016, 1019 (7th Cir. 2005)). Furthermore, the Debtor is not a party to the Illinois case. As a result, the Debtor's claim that the automatic stay affects the Illinois Case is meritless.

### c. *Movants are Entitled to Relief from the Automatic Stay Under § 362(d)*

As stated above, the Debtor does not own the Property. As a result, she has no equity in the Property and it cannot be used to satisfy any reorganization plan.

Moreover, no effective reorganization plan can exist here, and Movants do not have adequate protection, because the Debtor does not have enough funds to make the proposed payments. In the Debtor's statement of income, she states that she only makes $3,816.67 per month. (Dkt. 3, at

1.)  However, the Debtor's plan contemplates that she will make monthly payments of $6,351.68 to the secured creditors and $4,816.00 to the unsecured creditors.  (Dkt. 2, at 3-4.)

Furthermore, the plan does not provide any protection to the Movants because the Debtor's schedules do not include the $3,000,000 debt to Movants. Even if the Debtor had included this debt, it would necessarily increase the monthly payment amount to multiples of the Debtor's monthly income.

As a result, Movants respectfully request that this Court modify the automatic stay to allow Movants to exercise their non-bankruptcy rights against the Property in the Illinois Case. Movants are also requesting that any stay of the Illinois Case imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived.

WHEREFORE, Relentless Entertainment, LLC, Michael D. Hand, and Wonderfish Media, LLC, request that this Honorable Court enter an order modifying the automatic stay under Section 362(d) of the Bankruptcy Code so that they may enforce their non-bankruptcy rights against the Property, finding the automatic stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3) is waived and the modification of the stay is effective immediately, and granting such other and further relief as my be appropriate under the circumstances.

Respectfully Submitted,

RELENTLESS ENTERTAINMENT, LLC,
MICHAEL D. HAND, AND
WONDERFISH MEDIA

By:    */s/ Keith E. Allen*
One of Their Attorneys

Keith E. Allen (#6271854)
Evans & Dixon LLC
303 W. Madison, Suite 1900
Chicago, Illinois 60606
312-924-7279
kallen@evans-dixon.com